Filed 8/5/25  P. v. Mourning CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>        Respondent,<br><br>v.<br><br>JEFFEREY MOURNING,<br><br>        Appellant. | 2d Crim. No. B343248<br>(Super. Ct. No. 24PT-00444)<br>(San Luis Obispo County) |

Jefferey Mourning appeals from the trial court's order committing him to the California Department of State Hospitals as an Offender with a Mental Health Disorder (OMHD) within the meaning of the OMHD Act.  (Pen. Code[1], § 2960 et seq.)  We appointed counsel to represent appellant on appeal.  After an examination of the record, counsel filed an opening brief raising no arguable issues and requested we follow the procedures set

---

[1] Further undesignated statutory references are to the Penal Code.

forth in *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*) and *People v. Taylor* (2008) 160 Cal.App.4th 304 (*Taylor*).

Appellant was informed by appellate counsel and this court of his right to file a supplemental brief containing any issues he wishes this court to consider.  He filed one supplemental brief raising no issues of merit.  Accordingly, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant was arrested for throwing rocks at moving vehicles on a San Diego highway.  When arresting officers asked why he was throwing rocks, he said the government was trying to kill him, he had to defend himself, the government was tracking him by putting "nanos" in his fingers, and the arresting officers were "cyborgs."

Appellant pled guilty to one count of maliciously and willfully throwing rocks at occupied vehicles in violation of Vehicle Code section 23110, subdivision (b).  He was sentenced to two years in prison.  Prior to his release, the Board of Parole Hearings (BPH) determined he met the requirements of section 2962 for initial commitment under the OMHD Act.  He filed a section 2966, subdivision (b) petition contesting that determination, and subsequently waived his right to a jury trial and his right to be present at trial.  The court held a bench trial, denied his petition, and ordered commitment for one year.

## DISCUSSION

Because this appeal is from an OMHD commitment proceeding rather than a first appeal as of right from a criminal conviction, appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. (See *Ben C.*, *supra*, 40 Cal.4th at pp. 537-539; *Taylor*, *supra*, 160 Cal.App.4th at pp. 307-308.)  He is, however, entitled to appellate consideration of any contentions raised in his supplemental brief. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232.)

In his supplemental brief, appellant contends he received ineffective assistance of appellate counsel because his appellate attorney did not consult with him before filing his opening brief. To prevail on an ineffective assistance of counsel claim, a defendant must show trial counsel's performance was deficient and resulted in prejudice. (*People v. Mickel* (2016) 2 Cal.5th 181, 198; *Strickland v. Washington* (1984) 466 U.S. 668 [80 L.Ed.2d 674].) "Similar concepts have been used to measure the performance of appellate counsel," (*In re Harris* (1993) 5 Cal.4th 813, 833) but "[i]t is particularly difficult to prevail on an *appellate* claim of ineffective assistance." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) Neither appellant's supplemental brief nor the record demonstrates appellate counsel lacked a rational tactical purpose for filing a brief with no arguable issues. Counsel provided a reason for filing a no issue brief and nothing in the record suggests his explanation was not satisfactory.

Appellant also claims his conviction does not fall under the criteria of the OMHD Act and that forensic psychiatrists did "everything they could possibly do to obstruct" his release "including lying to the Superior Court" because of "impartiality, bias, prejudice, and vindictiveness."

To qualify as an OMHD, the prosecution must establish beyond a reasonable doubt (*People v. Harrison* (2013) 57 Cal.4th 1211, 1219) that defendant has (1) a severe mental disorder, (2) that is not in remission or cannot be kept in remission without treatment, (3) which was a cause of or aggravating factor in the commission of (4) a crime listed in the statute for which the prisoner was incarcerated in a state prison, (5) the prisoner has been in treatment for the disorder for at least 90 days within the year prior to scheduled release on parole, and (6) by reason of the disorder represents at the time of the BPH a substantial danger of physical harm to others. (*Id.* at pp. 1229-1230.)

Here, the trial court found all six criteria were proven beyond a reasonable doubt.  A forensic psychologist testified appellant has a severe mental disorder that is not in remission and cannot be kept in remission without continued treatment, was the cause of his commitment offense, and appellant remained a substantial danger of harm to others.  The parties stipulated appellant had received 90 days of treatment. The trial court found appellant's commitment offense satisfied the requirements of section 2962, subdivision (e)(2)(Q)[2], he posed a risk of substantial danger of physical harm to others, lacked insight into his severe mental disorder, had a poor history of medication compliance, and lacked a reasonably viable relapse and release plan.  Appellant's contentions are meritless.

## DISPOSITION

This appeal is dismissed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

YEGAN, Acting P. J.          BALTODANO, J.

---

[2] The commitment offense meets the criteria if it is a "crime in which the perpetrator expressly or impliedly threatened another with the use of force or violence likely to produce substantial physical harm in a manner that a reasonable person would believe and expect that the force or violence would be used. For purposes of this subparagraph, substantial physical harm does not require proof that the threatened act was likely to cause great or serious bodily injury."  (§ 2962, subd. (e)(2)(Q).)

4

Rita Federman, Judge
Superior Court County of San Luis Obispo

_____


      Christian C. Buckley, under appointment by the Court of Appeal, for Appellant.

      No appearances for Respondent.